UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| MARVIN STOKES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:16-CV-1165 CAS |
| | ) | |
| UNKNOWN WALLY, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the request of plaintiff Marvin Stokes for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff lacks sufficient funds to pay the entire filing fee, and will assess an initial partial filing fee of $3.92. *See* 28 U.S.C. § 1915(b)(1). The Court will also give plaintiff an opportunity to file an amended complaint.

## 28 U.S.C. § 1915(b)(1)

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

A review of the financial information plaintiff submitted in support of the instant motion shows an average monthly balance of $19.62. Plaintiff has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $3.92, which is 20 percent of plaintiff's average monthly balance.

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams,* 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes,* 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights which allegedly occurred as he was riding in a sheriff's van. Although the caption of the complaint states that the defendant is "Wally Thompson," in the body of the complaint plaintiff lists two individual defendants, Unknown Wally, sheriff, and Unknown Thompson, sheriff.[1] Plaintiff alleges that he was seated in his wheelchair in the sheriff's van driven by Sheriff Thompson when the top of the van hit a concrete beam in a parking facility, causing plaintiff to

---

[1] Plaintiff also submitted two letters to the Court that state his complaint includes two defendants, Sheriff Wally and Sheriff Thompson. See Docs. 3, 5. The Court will direct the Clerk of the Court to modify the docket sheet to reflect that there are two defendants in this case.

2

be thrown from side to side. Plaintiff alleges that Sheriff Wally was also in the van. Plaintiff alleges that he injured his ribs, leg and foot. He seeks monetary damages.

## Discussion

The complaint is silent as to whether the defendants are being sued in their official or individual capacities. "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the district court interprets] the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his official capacity is the equivalent of naming the government entity that employs him. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* In addition, the "Statement of Claim" portion of the instant complaint contains a long narrative that includes the two defendants' names along with the names of other individuals. The narrative leaves it unclear exactly what plaintiff claims each of the two defendants did to violate his constitutional rights. For the foregoing reasons, the instant complaint is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B).

Because plaintiff is proceeding pro se, the Court will give him leave to file an amended complaint. An amended complaint completely replaces an original complaint, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005), so plaintiff must include in the amended complaint all claims he wishes to bring. In the amended complaint, plaintiff must set forth specific facts showing how each defendant is directly responsible for the alleged harm. Plaintiff should limit his recitation of the facts and his allegations to the particular defendants involved in causing the alleged harm. In order to sue a defendant in his individual capacity, plaintiff must specifically say so in the amended complaint.

Plaintiff is advised that he must include all of his claims in one Court-provided form, and it must comply with Rules 8 and 10 of the Federal Rules of Civil Procedure. In the "Caption" portion of the form, plaintiff should type or neatly write the first and last name of each defendant he wishes to sue. In the "Statement of Claim" portion, plaintiff should begin by typing or neatly writing the first defendant's name and then under that name, set forth in separate numbered paragraphs a short and plain statement of the factual allegations supporting plaintiff's claims against that defendant. If plaintiff is suing more than one defendant, he must list each defendant's name separately and set forth in separate numbered paragraphs following each name a short and plain statement of the factual allegations supporting plaintiff's claims against that defendant.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis is **GRANTED**. [Doc. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $3.92 by **November 14, 2016**. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall modify the docket sheet to show the names of the defendants as Unknown Wally, sheriff, and Unknown Thompson, sheriff; and to modify the short title accordingly.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint by **November 14, 2016**.

**IT IS FURTHER ORDERED** that if plaintiff fails to comply timely and fully with this Order, the Court may dismiss this action without further notice.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 12th day of October, 2016.