# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| MARVIN STOKES, | ) |
| Plaintiff, | ) |
| v. | ) No. 4:16-CV-1165 CAS |
| UNKNOWN WALLY, et al., | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file. This action will be dismissed because plaintiff has failed to comply with this Court's October 12, 2016 Order, and because his complaint fails to state a claim upon which relief can be granted.

### Procedural History

Plaintiff Marvin Stokes filed this civil action under 42 U.S.C. § 1983, seeking monetary relief against two sheriffs for injuries that allegedly occurred as he was riding in a sheriff's van. At the time he filed the complaint, plaintiff was incarcerated at the City Justice Center in Saint Louis, Missouri. Since that time, he has updated his address to a private residence.

Upon initial review of the complaint pursuant to 28 U.S.C. § 1915, the Court noted that it failed to state a claim upon which relief could be granted. The Court also determined that the complaint's allegations were in the form of a long narrative that included the two defendants' names along with the names of other people, leaving it unclear exactly what plaintiff was claiming each defendant did to violate his constitutional rights. The Court ordered plaintiff to file an amended complaint no later than November 14, 2016, warning him that failure to do so could result in dismissal of his case. A copy of the Order was mailed to plaintiff at the City

Justice Center. The following day, October 13, 2016, plaintiff updated his mailing address to a private residence, and a copy of the Order was immediately mailed to him there. Plaintiff's response to the Court was due November 14, 2016, but to date, he has filed nothing. Accordingly, the complaint should be dismissed without prejudice due to plaintiff's failure to comply with this Court's October 12, 2016 Order. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (holding that a district court has the power to dismiss an action for the plaintiff's failure to comply with any court order).

As alternate grounds for dismissal, the Court determines that the complaint fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2)(B). The complaint is silent as to whether defendants are being sued in their official or individual capacities, and plaintiff seeks only monetary relief. "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [the district court interprets] the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir. 1995); *see also Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). State officials sued for monetary relief in their official capacities are not "persons" subject to § 1983 liability because such suits are actually suits against the state itself. *Will v. Michigan Dept. of State Police,* 491 U.S. 58, 71 (1989). Therefore, because the complaint is actually a suit for monetary damages against the state, it fails to state a claim upon which relief can be granted under § 1983, and will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's complaint and all of his causes of action against defendants are **DISMISSED** without prejudice. A separate order of dismissal will be entered herewith.

**IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 21st day of November, 2016.